IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:21-cr-00015 |
| v.   ) | |
| ) | By:  Elizabeth K. Dillon |
| DAJAH NICHOLE MACKLIN, JR.   ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Dajah Nichole Macklin's *pro se* motion, in which she seeks early termination of her probation sentence (Dkt. No. 122). The Probation Office opposes the relief. No hearing was requested, and the court finds that one is not necessary to resolve Macklin's motion, which will be denied.

I.  BACKGROUND

After Macklin pled guilty to a single count of distribution of a mixture containing a detectable amount of heroin, and aiding and abetting the same, the court sentenced her in October 2022. The court imposed a two-year term of supervised probation, including 180 days on home detention with location monitoring. (Dkt. No. 87.) Macklin explains that her sentence should end on October 3, 2024. In her motion, Macklin states that he has done "all the right things" while on probation. (Dkt. No. 122, at 1.) She explains that she has been steadily employed and even promoted at work. Her work has allowed her to purchase a car and to move into her own apartment. She also has plans for furthering her education and additional career goals, and she has had the opportunity to give back to her community and hopes to continue to do so. (*See generally* Dkt. No. 122.)

Her probation officer agrees that Macklin has done well on supervision and that there have been no major issues. He described her as pleasant and cooperative and agrees that she has made progress with regard to both employment and housing. He notes, though, that she allegedly shoplifted at Walmart in October 2023, by switching tags from more expensive items

to less expensive ones, although Wal-Mart elected not to press charges. The court agreed with the probation officer's recommendation that no judicial sanction be imposed at that time. But Macklin was temporarily moved back to probation's active caseload.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3564(c), a court may terminate a term of probation imposed for a felony conviction after the expiration of one year if, after considering the factors set forth in 18 U.S.C. § 3553(a), it is "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." § 3564(c). As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Thus, to even the defendant for a reduction, the court must first conclude that the early termination is warranted both by the individual's conduct and also by the interest of justice. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (discussing same in context of 18 U.S.C. § 3583(e) and emphasizing the conjunction "and," which is used in both statutes); *United States v. Rader* (referring to § 3564(c) and § 3583(e) as "parallel" statutes and applying principles from the latter to the former).

Similar to the court's determination of whether to grant early termination of a supervised release term under 18 U.S.C. § 3583(e), courts have discretion whether to grant early termination of probation, 18 U.S.C. § 3564(c), even when the conditions for termination are met. *See Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (noting same in context of § 3583(e)); In addition, the inquiry is broader than the individual's conduct. *See United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999) (explaining same as to § 3583(e)). "Circumstances that justify early discharge have included exceptionally good behavior that

2

makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Aside from the incident at the Wal-Mart, the court commends Macklin for her compliant behavior while on probation and for the strides she has made toward stability and independence. But she received only a two-year sentence of probation, with six months of that to be served on home confinement. She completed home confinement approximately one year ago, and she has only six months left to serve. Moreover, she is currently on the probation office's administrative caseload, which means that there are fewer contacts and a lower level of supervision than if she were on the active caseload. Given those facts, the court concludes that continuing Macklin on supervision for the remaining six months of her sentence until its natural expiration is appropriate. In short, the court concludes that having to complete the full two-year probation sentence does not render her sentence "too harsh," *Lussier*, 104 F.3d at 36, especially given the alleged shoplifting incident. Nor does the interest of justice require it. *Cf.* 18 U.S.C. § 3564(c). Further, reducing her term would undermine the need to provide adequate deterrence to others, a § 3553(a) factor, while continuing it will give her an additional period to continue her progress.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, Macklin's motion for early termination of her probation (Dkt. No. 122) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to the defendant, all counsel of record, and the United States Probation Office.

Entered: April 26, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge